UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL C. MAPES,<br><br>    Plaintiff,<br><br> v.<br><br>UNUM GROUP, a foreign corporation; UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation; and PROVIDENT LIFE AND ACCIDENT COMPANY, a foreign corporation,<br><br>    Defendants. | CASE NO. C18-5724 BHS<br><br>ORDER ON ATTORNEY'S FEES |

This matter comes before the Court on Plaintiff Randall C. Mapes's ("Mapes") motion for reconsideration on the issue of attorney's fees and costs. Dkt. 57. The Court has already determined that an award of fees is appropriate in this case, Dkt. 63, so only the issue of the amount remains.

## I. PROCEDURAL HISTORY

On February 20, 2020 the Court issued an order denying both parties' motions for judgment on the record but remanding the case to Defendants Unum Group, Unum Life Insurance Company of American, and Provident Life & Accident Insurance Company (collectively "Unum") with instructions for further factual development and

consideration. Dkt. 54. The Court also denied Mapes's request for fees. *Id*. On March 3, 2020, Mapes moved for reconsideration on the issue of attorney fees and costs. Dkt. 57. On March 9, 2020, the Court requested a response to the motion. Dkt. 58. On March 20, 2020, Unum responded. Dkt. 59. On March 25, 2020, Mapes replied, addressing both the propriety of a fee award and the amount and submitting supporting declarations. Dkts. 60, 61, 62. On April 15, 2020, the Court granted the motion for reconsideration but permitted Unum to respond on the issue of the accuracy and reasonableness of the amount requested. Dkt. 63. On April 29, 2020, Unum responded. Dkt. 64.

## II. DISCUSSION

"The Ninth Circuit adopts the hybrid lodestar/multiplier approach used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), to determine the proper amount of attorney's fees awards in ERISA actions." *Arnett v. Hartford Life & Acc. Ins. Co.*, 558 F. Supp. 2d 975, 980–81 (C.D. Cal. 2007) (citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d 525, 534–35 (9th Cir. 1995). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id*.

In this case, Unum challenges Mapes's attorney Aaron Engle's ("Engle") hours expended and costs claimed.

## A. Attorney Hours

"A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen*, 214 F.3d at 1045 (quoting *Hensley*, 461 U.S. at 433).

Unum does not challenge Engle's claimed rate of $450 per hour but characterizes it as a "premium" rate for the district and argues that an attorney with the experience required for such rates should have worked more efficiently. Dkt. 64 at 2. Engle claims 142 total hours spent on this case. Dkt. 61, ¶ 14. The Court agrees that without additional information about the unique nature or particular complexity of the issues raised, Engle's claimed 98 hours spent researching and drafting briefs related to the Rule 52 motions appears excessive. *See* Dkt. 61-1. This is particularly true given Engle's block billing practice claiming eleven days with seven hours per day spent on the briefs. *Id*.

Therefore, Mapes may either submit additional information addressing in greater detail the issues which necessitated 98 hours of research and drafting and explanation of the practice of seven-hour block billing or accept a 20% reduction to the 98 hours billed for researching and drafting briefs related to the Rule 52 motions. If Mapes accepts this reduction, the total hours for attorney time would be reduced from 142 to 122.4, at the rate of $450 an hour, reducing the lodestar amount for attorney work from $63,900 to $55,080.

## B. Clerical Tasks

In *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (citations omitted), the Ninth Circuit found that the argument that clerical tasks "should have been subsumed in

## A. Attorney Hours

"A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen*, 214 F.3d at 1045 (quoting *Hensley*, 461 U.S. at 433).

Unum does not challenge Engle's claimed rate of $450 per hour but characterizes it as a "premium" rate for the district and argues that an attorney with the experience required for such rates should have worked more efficiently. Dkt. 64 at 2. Engle claims 142 total hours spent on this case. Dkt. 61, ¶ 14. The Court agrees that without additional information about the unique nature or particular complexity of the issues raised, Engle's claimed 98 hours spent researching and drafting briefs related to the Rule 52 motions appears excessive. *See* Dkt. 61-1. This is particularly true given Engle's block billing practice claiming eleven days with seven hours per day spent on the briefs. *Id*.

Therefore, Mapes may either submit additional information addressing in greater detail the issues which necessitated 98 hours of research and drafting and explanation of the practice of seven-hour block billing or accept a 20% reduction to the 98 hours billed for researching and drafting briefs related to the Rule 52 motions. If Mapes accepts this reduction, the total hours for attorney time would be reduced from 142 to 122.4, at the rate of $450 an hour, reducing the lodestar amount for attorney work from $63,900 to $55,080.

## B. Clerical Tasks

In *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (citations omitted), the Ninth Circuit found that the argument that clerical tasks "should have been subsumed in

1 firm overhead rather than billed at paralegal rates. . . . has merit." "When clerical tasks
2 are billed at hourly rates, the court should reduce the hours requested to account for the
3 billing errors." *Id*. (citations omitted). *See also Missouri v. Jenkins*, 491 U.S. 274, 288
4 n.10 (1989) (billing a paralegal rates for work in the gray area between attorney and
5 paralegal work such as factual investigation, compiling statistics and data and drafting
6 correspondence keeps cost of litigation down, though "purely clerical or secretarial tasks
7 should not be billed at a paralegal rate, regardless of who performs them.").

8       Unum argues that Engle improperly billed 6.1 hours for a value of $1,638 for
9 clerical tasks labeled "File Maintenance." Dkt. 64 at 3. Reviewing Engle's declaration
10 and supporting materials, the "File Maintenance" billing code refers to work performed
11 by both Engle at the attorney rate of $450 and work performed by his paralegal, Terri L.
12 Gilman ("Gilman"), at the rate of $180 per hour. *See* Dkts. 61, 61-1.

13       Engle's tasks under the label are described as reviewing the scheduling order and
14 contacting the client, reviewing the answer, researching caselaw, and reviewing the order
15 amending case schedule, for a total of two hours at the rate of $450 per hour, representing
16 $900 of the challenged amount. *See* Dkt. 61-1. Engle may either provide additional
17 information explaining why these tasks are justified at the attorney rate or accept a 50%
18 reduction, to one hour at the rate of $450 per hour.

19       The remaining 4.1 hours labeled File Maintenance consist of tasks Gilman
20 performed, primarily receiving court filings and orders and making corresponding
21 updates to the case file and calendar. *See id*. Engle may provide additional information
22 explaining why these tasks require a paralegal's skill and explaining Gilman's level of

experience or accept a 50% reduction in the amount, from 4.1 hours billed at $180 per hour (totaling $738), to 2.05 hours billed at $180 per hour (totaling $369).

Finally, Unum does not object to the $1,951 Engle declares his firm incurred in costs in this case, Dkt. 61, ¶ 16; Dkt. 61-2.

Thus, accepting the Court's proposed reductions will result in a lodestar amount of:

| | | | | | |
|---|---|---|---|---|---|
| Engle | 121.4 hours | x | $450 per hour | | = $ 54,630 |
| Gilman | 9.65 hours | x | $180 per hour | | = $ 1,737 |
| | | | Total | | = $56,367 |

### III.  ORDER

Therefore, it is hereby **ORDERED** that Mapes may submit supplemental briefing providing the additional information requested by the Court no later than May 15, 2020. Failure to do so will result in an award of $56,367 in fees and $1,951 in costs **without further order of the Court.**

Dated this 6th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge